UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| **LOCHNER TECHNOLOGIES, LLC** | § | |
| *Plaintiff,* | § | |
| | § | |
| V. | § | CAUSE NO. 2:11-CV-242-JRG |
| | § | |
| **AT LABS INC., et al.,** | § | |
| *Defendants.* | § | |
| | § | |

**<u>MEMORANDUM OPINION & ORDER</u>**

**I.     INTRODUCTION**

Before the Court are: (1) Defendant 10ZiG Technology, Inc.'s ("10Zig") Motion to Dismiss Plaintiff's Direct Indirect and Joint Infringement Claims, or, Alternatively, for a More Definite Statement (Dkt. No. 45); (2) Defendant AT Labs, Inc.'s ("AT Labs") Motion to Dismiss for Lack of Personal Jurisdiction (Dkt. No. 52); (3) Defendant Televideo, Inc.'s ("Televideo") Motion to Dismiss Plaintiff's Direct Indirect and Joint Infringement Claims, or, Alternatively, for a More Definite Statement (Dkt. No. 53); (4) Defendant NCS Technologies, Inc.'s ("NCS") Motion to Dismiss Plaintiff's Direct Indirect and Joint Infringement Claims, or, Alternatively, for a More Definite Statement (Dkt. No. 55); (5) Defendant I-O Corporation's ("I-O Corp") Motion to Dismiss Plaintiff's Direct Indirect and Joint Infringement Claims, or, Alternatively, for a More Definite Statement (Dkt. No. 57); (6) Plaintiff Lochner Technologies, LLC ("Lochner") Motion to Dismiss Ringdale, Inc.'s ("Ringdale") Counterclaim for Attorney Fees (Dkt. No. 73); and (7) Defendants 10Zig, Televideo, NCS, I-O Corp and DT Research, Inc. ("DT Research") Motion to Dismiss Plaintiff's Direct Indirect and Joint Infringement Claims, or,

Alternatively, for a More Definite Statement (Dkt. No. 79). After carefully considering the parties' written submissions, the Court addresses each of these matters below.

## II.     FACTUAL AND PROCEDURAL BACKGROUND

On May 4, 2011, Lochner filed this suit, accusing twelve defendants of infringing U.S. Patent No. 7,035,598 ("the '598 patent"). (Dkt. No. 1.) The Complaint alleged that:

> Each defendant has been and now is directly, literally and/or, upon information and belief, jointly, equivalently and/or indirectly infringing, by way of inducing infringement by others and/or contributing to the infringement by others, the '598 patent in the State of Texas, in this judicial district, and elsewhere in the United States by making, using, selling, offering for sale, and/or importing wireless thin clients or wireless zero clients for use in systems that infringe at least claims 1 and 12 of the '598 patent. Each defendant is thus liable for infringement of the '598 patent under 35 U.S.C. § 271.

*Id.*, at ¶ 20. Defendants 10Zig, Televideo, NCS, I-O Corps, CLI, Inc. and DT Research (the "Moving Defendants") filed identical Motions to Dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted, or, alternatively, for a more definite statements of Lochner's claims under Fed. R. Civ. P. 12(e). (Dkt. Nos. 45, 53, 55, 57 and 59.) Lochner responded on July 18, 2011 by timely filing an Amended Complaint and a short Opposition arguing that such Amended Complaint rendered all pending Motions to Dismiss Moot. (Dkt. No. 64 and 65.)

In relevant part, the Amended Complaint alleges that:

> Each defendant has been and now is jointly and indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others of the '598 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling, without license or authority, products for use in systems that fall within the scope of one or more claims of the '598 patent. Such products include, without limitation, wireless thin clients or wireless zero clients. Such products are for

> use in systems that infringe at least claims 1 and 12, and likely other claims, of the '598 patent. By making, using, importing, offering for sale, and/or selling such products, each defendant has injured Lochner and is thus liable to Lochner for infringement of the '598 patent under 35 U.S.C. § 271. Those whom each defendant induces to infringe and/or whose infringement to which each defendant contributes are the end users of the above-referenced products. Each defendant had knowledge of the '598 patent at least as early as the filing of the original complaint and is thus liable for infringement of one or more claims of the '598 patent by actively inducing infringement and/or is liable as a contributory infringer of one or more claims of the '598 patent under 35 U.S.C. § 271.

(Dkt. No. 64, at ¶ 19.) The Moving Defendants filed a Reply on July 28, 2011 and argued that the Motions to Dismiss were *not* moot, because the Amended Complaint was still allegedly deficient. (Dkt. No. 76.) Specifically, the Moving Defendants contend that the Amended Complaint does not sufficiently plead indirect infringement because it does not demonstrate that the Moving Defendants knew of the asserted patent at the time of any alleged direct infringer's infringing activities and because it does not sufficiently allege that any direct infringer exists.

Separate and apart from the above Motions to Dismiss, Defendant AT Labs filed a Motion to Dismiss for Lack of Jurisdiction (Dkt. No. 52) and Lochner filed a Motion to Dismiss Ringdale, Inc.'s ("Ringdale") Counterclaim for Attorney's Fees. (Dkt. No. 73.)

### III. LEGAL STANDARDS

By written motion, a party may move to dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Motions to dismiss are purely procedural questions to which the Federal Circuit applies the law of the regional circuit. *CoreBrace LLC v. Star Seismic LLC*, 566 F.3d 1069, 1072 (Fed. Cir. 2009). In the Fifth Circuit, motions to dismiss under Rule 12(b)(6) are viewed with disfavor and rarely granted. *Lormand v.*

*U.S. Unwired, Inc.,* 565 F.3d 228, 232 (5th Cir. 2009); *Lowrey v. Texas A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997).

When reviewing a motion to dismiss, courts look only to the allegations in the complaint to determine whether they are sufficient to survive dismissal. *See Jones v. Bock*, 549 U.S. 199, 215 (2007). Federal Rule of Civil Procedure 8(a)(2) requires only that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The Supreme Court has held that a complaint does not need detailed factual allegations to survive a Rule 12(b)(6) motion to dismiss, but the pleader's obligation to state the grounds of entitlement to relief requires "more than labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

"Whoever actively induces infringement of a patent shall be liable as an infringer." 35 U.S.C. § 271(b). Liability under § 271(b) "requires knowledge that the induced acts constitute patent infringement." *Global-Tech Appliances, Inc. v. SEB S.A.,* 131 S. Ct. 2060, 2068 (2011); *see also DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1306 (Fed. Cir. 2006) ("[I]nducement requires that the alleged infringer knowingly induced infringement and possessed specific intent to encourage another's infringement."). To survive a motion to dismiss, a Complaint "must contain facts plausibly showing that [Defendants] specifically intended their customers to infringe the [asserted] patent and knew that the customer's acts constituted infringement." *In re Bill of Lading Transmission and Processing System Patent Litigation*, --- F.3d ---, 2012 WL 2044605, at *12 (Fed. Cir. June 7, 2012). Further, "[b]ecause liability for indirect infringement of a patent requires direct infringement, [the] amended complaint[] must plausibly allege that the [asserted] patent was directly infringed" to survive a motion to dismiss. *Id*. at 6.

4

IV.   ANALYSIS

    **A. Moving Defendants Motions to Dismiss Under Rule 12(b)(6) (Dkt. Nos. 45, 53, 55, 57, and 79)**

The Moving Defendants contend that the Amended Complaint fails to allege and/or provide a sufficient factual basis that "(i) Defendants knew of the asserted patent at the time of any alleged direct infringer's infringing activities, and (ii) any direct infringer exists." (Dkt. No. 76, at 4.)[1] Lochner responds that (1) the amended complaint does allege knowledge of the '598 patent, at least as early as the filing of the original complaint and (2) the amended complaint sufficiently identifies direct infringers (*e.g.,* end-users). (Dkt. No. 83, at 3.)

With regard to the first issue, the Moving Defendants concede that Lochner's Amended Complaint alleges knowledge of the '598 patent at the time of the filing of the Complaint. (Dkt. No. 76, at 4.) The Moving Defendants' only opposition now is that "[t]his does not remedy the pleading deficiency at least with respect to any allegedly infringing activities that pre-date the filing of the Original Complaint." *Id.* However, this is not a basis to dismiss Lochner's indirect infringement claims; as it cannot be disputed that Lochner *does* sufficiently plead that the Moving Defendants had knowledge of the asserted patent for at least some time during the infringing period. Accordingly, the Moving Defendants' Motions to Dismiss are denied on this ground.

As to the second issue, the Federal Circuit has recently held that, "[t]o state a claim for indirect infringement … a plaintiff need not identify a *specific* direct infringer if it pleads facts sufficient to allow an inference that at least one direct infringer exists." *In re Bill of Lading,* 2012 WL 2044605, at *8. Here, Lochner identifies alleged direct infringers as "end users of the

---

[1] The Moving Defendants also alleged that the Amended Complaint does not sufficiently plead direct infringement. (Dkt. No. 76.) In response, Lochner states that the Amended Complaint does not plead direct infringement at all. (Dkt. No. 83, at 2.) Accordingly, the Court limits its analysis to the issue of indirect infringement.

5

above-referenced products." (Dkt. No. 64, at ¶ 19.) According to the standard set forth in *In re Bill of Lading*, this is sufficient to survive a motion to dismiss indirect infringement claims under Rule 12(b)(6). *See Id.* ("Given that a plaintiff's indirect infringement claims can succeed at trial absent direct evidence of a specific direct infringer, we cannot establish a pleading standard that requires something more."). Accordingly, the Court **DENIES** 10Zig, Televideo, NCS, I-O Corps, CLI, Inc. and DT Research Joint Motions to Dismiss (Dkt. Nos. 45, 53, 55, 57 and 79).

### B. AT Labs Motion to Dismiss for Lack of Personal Jurisdiction (Dkt. No. 52)

AT Labs' Motion to Dismiss for Lack of Personal Jurisdiction was filed before Lochner filed its Amended Complaint, which removes AT Labs as a Defendant in this case. Because the Amended Complaint does not name AT Labs as a Defendant, AT Lab's Motion to Dismiss (Dkt. No. 52) is **DENIED AS MOOT**.

### C. Lochner's Motion to Dismiss Ringdale's Counterclaim for Attorney's Fees. (Dkt. No. 52)

In response to the Amended Complaint for patent infringement, Ringdale's Answer is coupled with several counterclaims, including a generic counterclaim for "Attorney Fees." (Dkt. No. 51.) Lochner argues that this "counterclaim" must be dismissed, because there is no independent cause of action for "attorney fees" under the patent laws. *Id.* Ringdale responds that it is not seeking status as an "exceptional case" or "attorney fees" as a separate ground for relief or an independent counterclaim, but rather it seeks attorney fees and costs associated with its declaratory judgment action as to invalidity and non-infringement. (Dkt. No. 75.) Ringdale further states that "[a] telephone call, email, or other mode of conference from Lochner's counsel to Ringdale's counsel would have eliminated Lochner's fear that Ringdale is attempting to invent a new cause of action and would have obviated Lochner's motion and this Response." *Id*

In light of Rindale's unequivocal position that its "counterclaim" for attorney's fees relates only to its declaratory judgment action as to invalidity and non-infringement; which takes the form of counterclaims, and is not an independent cause of action, the Court **DENIES** Lochner's Motion to Dismiss Ringdale's Counterclaim for Attorney's Fees (Dkt. No. 52). Howerver, for the clarity of the record, Ringdale is granted **LEAVE** to amend and is directed to amend its Answer and Counterclaims on this limited issue in conformity with its position outlined above.

V.   CONCLUSION

For the reasons discussed above, the following motions are **DENIED:** Defendant 10ZiG Technology, Inc.'s ("10Zig") Motion to Dismiss Plaintiff's Direct Indirect and Joint Infringement Claims, or, Alternatively, for a More Definite Statement (Dkt. No. 45); Defendant Televideo, Inc.'s ("Televideo") Motion to Dismiss Plaintiff's Direct Indirect and Joint Infringement Claims, or, Alternatively, for a More Definite Statement (Dkt. No. 53); Defendant NCS Technologies, Inc.'s ("NCS") Motion to Dismiss Plaintiff's Direct Indirect and Joint Infringement Claims, or, Alternatively, for a More Definite Statement (Dkt. No. 55); Defendant I-O Corporation's ("I-O Corp") Motion to Dismiss Plaintiff's Direct Indirect and Joint Infringement Claims, or, Alternatively, for a More Definite Statement (Dkt. No. 57); Plaintiff Lochner Technologies, LLC ("Lochner") Motion to Dismiss Ringdale, Inc.'s Counterclaim for Attorney Fees (Dkt. No. 73); and Defendants 10Zig, Televideo, NCS, I-O Corp and DT Research, Inc. ("DT Research") Motion to Dismiss Plaintiff's Direct Indirect and Joint Infringement Claims, or, Alternatively, for a More Definite Statement (Dkt. No. 79).  Also, for the reasons discussed above, Defendant AT Labs, Inc.'s ("AT Labs") Motion to Dismiss for Lack of Personal Jurisdiction (Dkt. No. 52) is **DENIED AS MOOT**.

**So ORDERED and SIGNED this 3rd day of July, 2012.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE